United States District Court
Southern District of Texas
**ENTERED**
January 03, 2023
Nathan Ochsner, Clerk

United States District Court      Southern District of Texas

| | | |
|---|---|---|
| Jose F. Rodriguez, <br>     Plaintiff, <br><br> v. <br><br> Woodforest National Bank, et al., <br>     Defendants. | § § § § § § § | Civil Action H-22-2724 |

# Report and Recommendation

This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1). ECF No. 6. Because Rodriguez failed to prosecute this action and to comply with the court's orders, the court recommends that the case be dismissed with prejudice under Federal Rule of Civil Procedure 41(b).

1. *Background*

This case was removed from state court on August 11, 2022. ECF No. 1. Rodriguez, who is proceeding *pro se*, claims to be a victim of identity theft and seeks to recover from Defendants amounts of money fraudulently transferred out of his bank account. ECF No. 1 at 1–2; *see also* ECF No. 1-1 at 5–8. Rodriguez settled with Defendant Remitly, Inc. ECF No. 10. Woodforest filed a motion to dismiss the case for failure to state a claim. ECF No. 4. No other defendant has been served or appeared.

The court mailed a "Notice in a Removed or Transferred Case" to Plaintiff at his address of record on August 15, 2022. ECF No. 3 & electronic receipt. Woodforest National Bank filed its motion to dismiss on August 18, 2022. ECF No. 4. The court mailed a copy of the motion to Plaintiff, as did Woodforest. *Id.* at 7 & electronic receipt. Plaintiff did not respond. On September 20, 2022, Woodforest filed a notice that Plaintiff had failed to respond, and the court mailed that

notice to Plaintiff. ECF No. 8 & electronic receipt. So did Woodforest. *Id.* at 2.

The court notified Plaintiff by mail on September 19, 2022, that a scheduling conference would be conducted on October 20, 2022. ECF No. 7 & electronic receipt. The court held the initial conference on October 20, 2022, but Plaintiff did not appear. ECF No. 9. The court ordered that Plaintiff may amend his pleading by November 18, 2022. *Id.* at 1. The court mailed the order to Plaintiff and ordered Woodforest to email the order to Plaintiff. *Id.* & electronic receipt.

On December 2, 2022, the court entered an order reiterating the foregoing facts and ordering Plaintiff to notify the court in writing by December 16, 2022, whether he intended to proceed with this case. ECF No. 12. The court warned Plaintiff that failure to notify the court of his intention to proceed with the case would "result in dismissal of this case without further notice." *Id.* Nothing has been filed, and the court is unaware of any attempt by Plaintiff to communicate with the court. Plaintiff has not participated in this case in federal court and has never communicated with the court.

### 2. Analysis

Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (clarifying that the court's power to dismiss does not extend to failure to comply with a local rule). The court's decision to dismiss under Rule 41(b) may only be reviewed for abuse of discretion. *See id.* at 801.

Rule 41(b) dismissal with prejudice is "a severe sanction" that requires (1) "a clear record of delay or contumacious conduct by the plaintiff[;]" and (2) an express finding that "lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell*, 988 F.3d at 801–02 (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d

1188, 1191 (5th Cir. 1992)). In most cases, the Fifth Circuit also requires proof of at least one of the following aggravating factors: (1) the delay was caused by the plaintiff and not the plaintiff's attorney; (2) the defendant was prejudiced by the delay; or (3) the delay can be characterized as intentional. *Id.* at 802 (quoting *Berry*, 975 F.2d at 1191).

### A. Clear record of delay

Rodriguez has not filed a response to the pending motion to dismiss, has not amended his pleadings as the court permitted him to do, and has not informed the court whether he intended to proceed with the case. He failed to show up for court as ordered. He has never communicated in any way with the court. The case has now been pending in federal court for nearly five months. These facts constitute a clear record of delay caused by Rodriguez's own failure to prosecute this cause of action. *Cf. Berry*, 975 F.2d at 1191–92 (finding no clear record of delay where the plaintiff filed an amended complaint, responsive pleading to defendant's motion to dismiss, motion for reconsideration, and motion for leave to file a second amended complaint within four months); *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984) (finding no clear record of delay where "counsel for the plaintiff attended both status conferences, filed a motion to defer ruling on the defendant's motion to dismiss, and served notice of his intent to proceed with depositions").

These facts also establish the first and third aggravating factors. Because Rodriguez is a *pro se* litigant, the delay is his fault. Rodriguez's failure to respond to the motion to dismiss, failure to amend his pleadings, failure to inform the court of his intention to proceed with the case, and failure to take any action on this case in federal court cannot be characterized as anything but intentional.

### B. Futility of Lesser Sanctions

The court has attempted the lesser sanction of admonishing Rodriguez. In the December 2, 2022 Order, the court warned that Rodriguez's failure to notify the court of his intention to proceed with

3

the case would result in dismissal of the case without further notice. ECF No. 12 at 2. The court also, *sua sponte*, granted Rodriguez an opportunity to amend his pleadings, but he did not do so. *See* ECF No. 9 at 1. All of the court's efforts to have Rodriguez participate in this case have been futile and the court concludes that other sanctions would be similarly futile. For example, it is not likely that monetary sanctions would have any effect, considering Rodriguez's *pro se* status, and the facts alleged in the case.

### 3. Conclusion

Given the clear record of delay, the proven futility of other sanctions, and the aggravating factors, it is appropriate to dismiss this case with prejudice, in accordance with Federal Rule of Civil Procedure 41(b). Thus, the court recommends that this lawsuit be dismissed with prejudice.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on January 3, 2023.

_____
Peter Bray
United States Magistrate Judge